# EXHIBIT 3

**IN THE MATTER OF THE ARBITRATION ACT 1996**

**AND**

**IN THE MATTER OF AN ARBITRATION**

**BETWEEN :-**

PSARA ENERGY LIMITED                    Claimant

                                        (Owners)

AND

SPACE SHIPPING LIMITED                  Respondent

                                        (Charterers)

**mt. "CV STEALTH"**

Charterparty dated 23rd February, 2010

_____

**PARTIAL FINAL ARBITRATION AWARD**

_____

**WHEREAS:**

1. By a bareboat charterparty on the Barecon 2011 printed form, as amended, dated 23 February 2010 ("the Charterparty") the Claimant ("the Owners") chartered the mt. "CV STEALTH" to Geden Holdings Ltd. ("Geden") or a

guaranteed nominee on terms and conditions more particularly set out in the Charterparty.

2. Geden subsequently nominated the Respondent ("the Charterers").

3. Clause 30 of Part II of the Charterparty provided:-

*30 Dispute Resolution*

*a) This Contract shall be governed by and construed in accordance with English law and any dispute arising out of or in connection with this Contract shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or re-enactment thereof…..*

*The arbitration shall be conducted in accordance with the London Maritime Arbitrators' Association (LMAA) terms current at the time when the arbitration proceedings are commenced.*

*The reference shall be to three arbitrators."*

4. Disputes arose as detailed hereafter for the determination of which the Owners, through their London solicitors, Ince & Co., appointed me the undersigned Michael Baker-Harber now of 87, High Street, Burnham-on-Crouch, Essex CM0 8AH and the Charterers through their London solicitors, Lax & Co. appointed me the undersigned Mark Hamsher of 18c, Ensign Street, London E1 8JD to act as arbitrators respectively. We the two arbitrators so appointed in turn appointed the undersigned Christopher Moss of 4, Charlotte Place, Wilton Road, London SW1V 1DP as third arbitrator to complete the tribunal for the oral hearing.

5. An oral hearing of the arbitration took place on 28th and 29th July at the International Dispute Resolution Centre, 70, Fleet Street, London EC4Y 1EU at which the Owners were represented by Mr. Christopher Hancock Q.C. and Mr. Alexander Wright and the Charterers by Mr. Yash Kulkarni, both instructed by their respective solicitors. No oral evidence was called.

6. The Owners claimed hire or damages in the sum of US$5,272,100.90 together with interest and costs. They also sought a declaration that they had validly exercised their right of lien and were entitled to be paid sub-freights and/or sub-hires up to the value of any claims they had under the Charterparty.

7. The Charterers denied liability in full, contending that the charter was frustrated by 30th April, 2015 or alternatively 13th July, 2015 or, in the yet further alternative, such later date as we might determine. In the event that we rejected their primary case and held that the Owners were entitled to hire or damages for some period beyond 30th April, 2015, the Charterers maintained that any such entitlement should be limited to the basic charter hire rate provided in the Charterparty and should not include the further element of 10% which the Charterers maintained had to be regarded as a penalty.

8. Pursuant to the said Clause 30 of Part II of the Charterparty the seat of this arbitration is London.

9. **<u>NOW WE</u>,** the said Michael Baker-Harber, Mark Hamsher and Christopher Moss having taken upon ourselves the burden of this arbitration and having carefully and conscientiously considered the evidence put before us and the submissions

addressed to us and given due weight thereto and having conferred and agreed with each other **DO HEREBY MAKE, ISSUE AND PUBLISH** this our joint and agreed **FINAL AWARD** as follows:-

A)   **WE FIND, HOLD AND DECLARE**  that the Charterparty was not frustrated and that the Owners are therefore entitled to hire withheld from 30th April, 2015.

B)   **WE THEREFORE AWARD AND ADJUDGE**  that the Owners' claim for hire succeeds in the sum of US$ 5,272,100.90 and no more.

C)   **WE THEREFORE AWARD AND ADJUDGE** that the Charterers shall forthwith pay to the Owners the sum of US$ 5,272,100.90 (five million, two hundred and seventy-two thousand one hundred pounds and ninety pence) together with interest on the constituent parts of this sum as set out below, from the date specified to the date of payment:-

1. On the sum of US$ 366,482.00 from  1st May, 2015 at the rate of 2.28%
2. On the sum of US$ 336,240.78 from 1st  June, 2015 at the rate of 2.28%
3. On the sum of US$ 302,250.00 from 1st  July, 2015 at the rate of 2.31%
4. On the sum of US$ 302,250.00 from 1st  August, 2015 at the rate of  2.34%
5. On the sum of US$ 321,750.00 from 1st September, 2015 at the rate of  2.32%
6. On the sum of  US$ 372,003.12 from  1st  October, 2015 at the rate of  2.34%
7. On the sum of US$ 321,750.00 from  1st November, 2015 at the rate of 2.48%
8. On the sum of US$ 332,475.00 from   1st December, 2015 at the rate of  2.62%
9. On the sum of US$ 332,475.00 from  1st January, 2016 at the rate of 2.62%
10. On the sum of US$ 311,025.00 from 1st  February, 2016 at the rate of 2.64%

11. On the sum of US$ 332,475.00 from 1st March, 2016 at the rate of 2.63%

12. On the sum of US$ 321,750.00 from 1st April, 2016 at the rate of 2.63%

13. On the sum of US$ 332,475.00 from 1st May, 2016 at the rate of 2.64%

14. On the sum of US$ 321,750.00 from 1st June, 2016 at the rate of 2.69%

15. On the sum of US$ 332,475.00 from 1st July, 2016 at the rate of 2.82%

16. On the sum of US$ 332,475.00 from 1st August, 2016 at the rate of 2.85%

D) **WE FURTHER FIND, HOLD AND DECLARE** that the Owners validly exercised their right of lien and they are entitled to be paid sub-freights and/or sub-hires up to the value of any claims they have under the Charterparty.

E) **WE FURTHER AWARD AND ADJUDGE** that the Charterers shall bear their own costs of the arbitration and pay the Owners' costs of the arbitration, such costs to be assessed by us if not agreed for which purpose we expressly reserve jurisdiction and to include the costs of this our **FINAL AWARD** in the sum of £ 46,913 **PROVIDED** that if the Owners shall in the first instance have paid any part of the costs of this our Final Arbitration Award they should be entitled to immediate reimbursement by the Charterers of the sum so paid together with interest at the rate of 5% per annum compounded at three monthly rests from the date of this our **FINAL AWARD** to the date of payment.

F) **WE RESERVE** jurisdiction to make a future Award or Awards in respect of any outstanding issues between the parties to this arbitration.

**GIVEN** under our hands in London this 1st day of November, 2016

*[signature]*

Mark Hamsher

*[signature]*

Michael Baker-Harber

*[signature]*

Christopher Moss

**IN THE MATTER OF THE ARBITRATION ACT 1996**

**AND**

**IN THE MATTER OF AN ARBITRATION**

**BETWEEN:**

|  |  |
|---|---|
| PSARA ENERGY LIMITED | Claimant |
|  | (Owners) |
| AND |  |
| SPACE SHIPPING LIMITED | Respondent |
|  | (Charterers) |

**mt. "CV STEALTH"**

<u>Charterparty dated 23rd February, 2010</u>

---

**PARTIAL FINAL ARBITRATION AWARD**

---