**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------------- X
PSARA ENERGY, LIMITED            :    Civil Case No.
                                 :
       Plaintiff           :
                                 :
       -against-          :    ADMIRALTY
                                 :
                                 :
SPACE SHIPPING, LTD. and         :
GEDEN HOLDINGS, LTD.             :
                                 :
       Defendants          :
------------------------------------------- X

**PLAINTIFF'S *EX PARTE* MEMORANDUM IN SUPPORT OF ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT:**

COMES NOW Plaintiff, PSARA ENERGY, LIMITED ("PSARA" or "Plaintiff"), by and through undersigned counsel, and files this Motion for an Order Authorizing Issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Rule B"), and respectfully shows the Court as follows:

On October 30, 2017, Plaintiff PSARA, filed its Original Verified Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rules B and E of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules"), setting forth Plaintiff's claim for damages, together with interest, costs and attorney's fees. The allegations of Plaintiff's Original Verified Complaint are incorporated herein by reference. Supplemental Rules B and E authorize a Court to issue an order of maritime attachment

1

if the plaintiff satisfies the filing and service requirements of Rules B and E and can show that: (1) the plaintiff has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment. *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2nd Cir. 2006) (abrogated on other grounds by *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2nd Cir. 2009)).; *Blue Whale Corp. v. Grand China Shipping Dev. Co.*, 722 F.3d 488, 493 (2nd Cir. 2013).

## STATEMENT OF FACTS

As set forth in the Original Verified Complaint, this suit arises out of the breach of a maritime contract, a bareboat charter party, for the employment of the tanker vessel CV STEALTH under an amended BARECON 2001 charter party. The breach of the contractual obligations are: (1) the Defendants' failure to pay a substantial amount of earned bareboat charter hire; and (2) the Defendants' failure to maintain and repair the vessel so that she may be redelivered in the state of good repair and physical condition as the bareboat charter party requires. The circumstances of the Defendants' breach of the charter party in this regard are set out in detail in the Original Verified Complaint. Under the arbitration clause of the bareboat charter, which is governed by English law, disputes of the parties must be submitted for resolution to arbitration in London. *See* Original Verified Complaint, Exhibit 2 at Clause 30.

The respective parties have initiated maritime arbitration in London in which they have previously submitted claims. Currently, the arbitration tribunal remains constituted for the further and additional submissions that Plaintiff intends to make in respect of the claims arising from the breach of the charter party obligations identified in the foregoing.

**MARITIME ATTACHMENT AND GARNISHMENT UNDER RULE B**
**NECESSARY AND SUFFICIENT CONDITIONS**

The traditional policy underlying maritime attachment has been to permit the attachment of assets wherever they can be found, thereby obviating the need for a plaintiff to "scour the globe" to find a proper forum for suit, or property of the defendant sufficient to satisfy a judgment. *STX PanOcean (UK) Co. Ltd. v. Glory Wealth Shipping Pte.Ltd.,* 560 F.3d 127, 130 (2d Cir. 2006) (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,* 460 F.3d 434, 443 (2d Cir. 2006)).

Maritime attachment is available whenever "the plaintiff has an *in personam* claim against the defendant which is cognizable in admiralty…[i]n other words, the plaintiffs claim must be one which will support a finding of admiralty jurisdiction under 28 U.S.C. § 1333". *See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 268 (2nd Cir. 2002) (quoting "Jarvis, *An Introduction to Maritime Attachment Practice Under Rule B,* 20 J. MAR. L.& COMM. 512, 526 & n.20 (1989)").[1]

The only other showing a plaintiff needs to make to establish its entitlement to process of maritime attachment and garnishment is that "the defendant cannot be found within the district." *See* FED. R. CIV. P. SUPP. R. B(l)(b). Once a plaintiff has stated a maritime claim and provided and affidavit showing the defendant cannot be found within the district, it has met the conditions of Rule B for an order authorizing the issuance of the process of maritime attachment and garnishment and the court should issue the requested order.

> Although a plaintiff seeking attachment must supply, along with its verified complaint, an affidavit stating that defendant cannot be found within the district, little else is required and there need only be a hearing after the attachment is served.

*ContiChem LPG v. Parsons Shipping Co., 229* F.3d 426, 434 (2d Cir. 2000).

---

[1] *Winter Storm* was set aside by the Second Circuit's decision in *Shipping Corp. of India v. Jaldhi Overseas Pte*, 585 F.3d 58 (2nd Cir. 2009)

A.     **Plaintiff Has Pled a Valid Prima Facie Admiralty Claim**

With its application before the Court, Plaintiff has met the conditions for an order authorizing the issuance of process of maritime attachment and garnishment.  Plaintiff's claims are founded in a maritime contract, a charter party and its breach, and are maritime claims.  *See Morewood v. Enequist,* 64 U.S. 491, 494-95 (1859) (stating "charter-parties and contracts of affreightment are 'maritime contracts' within the true meaning and construction of the Constitution and act of Congress").  A bareboat charter party, or charter by demise, is specifically recognized in the jurisprudence as a maritime contract.  *Weeks Marine v. John F. Picone, Inc*., 1998 U.S. Dist. LEXIS 15053 (S.D.N.Y. 1998) at * 18;  *JJ Water Works, Inc. v. San Juan Towing & Marine Servs*., 59 F. Supp. 3d 380, 389  (D.P.R. 2014);  *Dow Chem. Co. v. Texaco Ref. & Mktg*., 887 F. Supp. 853, 863 (E.D. VA. 1995).

As further set forth in Plaintiff's Original Verified Complaint, Plaintiff has a *prima facie* admiralty claim against each of the Defendants.  The gravamen of Plaintiff's claims is the breach of a maritime contract.  *See* Original Verified Complaint at ¶¶ 6-7, 20-28.

B.     **Defendants Cannot Be "Found" In the District**

Regarding the second element, Defendants SPACE SHIPPING, LTD. (hereinafter "SPACE") and GEDEN HOLDINGS, LTD. (hereinafter "GEDEN"), its performance guarantor, cannot be found within the District of Connecticut for purposes of Rule B.  Specifically, Plaintiff is informed and believes that: Defendants cannot be found within the District of Connecticut; to Plaintiff's knowledge, none of the officers of Defendants are now within the District of Connecticut; Defendants do not maintain offices or telephone listings in the District of Connecticut; Defendants are not incorporated to do business in Connecticut nor are they registered to carry on business as foreign corporations; Defendants do not carry on any business

or commercial activities within the state of Connecticut.  *See* Doc. 4, Attorney Affidavit of George A. Gaitas.

The Courts have long applied a two-prong test when determining whether a defendant was 'found' for the purposes of Rule B. "We hold that a defendant cannot be found within the district for purposes of Rule B if it is not present in the district at the time the complaint is filed. A defendant is present in the district if: 1) the defendant can be found within the district in terms of jurisdiction, and 2) the defendant can be found within the district for service of process." *See Heidmar, Inc. v. Anomina Ravennate di Armamento Sp.A*, 132 F.3d 264, 268 (5th Cir. 1998) (citing *LaBanca v. Ostermunchner*, 664 F.2d 65, 67 (5th Cir.1981)).  Based on this jurisdictional test, neither of the Defendants can be found in the District.

      **C.**     **Defendants have Property Within the District**

Regarding the third element, Plaintiff is informed and believes that one of the Defendants does now, or will during the pendency of this action, have tangible or intangible personal property within the District of Connecticut, and said property is amenable to attachment and garnishment pursuant to Rule B. More particularly, the obligor of Defendant SPACE - ST Shipping and Trading Pte. Ltd.  (hereinafter also referred to as "ST PTE") - is present in the District and is carrying on business from its address at Three Stamford Plaza, 301 Tresser Boulevard, Stamford, Connecticut 06901-3244.  *See* Original Verified Complaint at ¶ 34.  Moreover, ST PTE, by its own admission in proceedings currently before this court, has admitted that it is present in the District. *See* Civil Action No. 3:17-cv-01567-WWE, Doc. 19-1 (ST PTE 's Memorandum of Law in Support of Motion to Dismiss); *see also* Original Verified Complaint, Exhibit 4.

Furthermore, Defendant SPACE filed a Petition to Confirm Arbitration Award representing that it "...is entitled to a judgment against ST Shipping Pte. in the amount of

$7,325,258.42 under the Fourth Partial Final Award pursuant to 9 U.S.C. § 207." *See* Civil Action No. 3:17-cv-01567-WWE, Doc. 1 at ¶56; *see also* Original Verified Complaint, Exhibit 1 at ¶56. This refers to a maritime arbitration award made by a London arbitration tribunal, specifically with reference to disputes between Defendant SPACE and ST PTE arising from the time charter of the motor tanker CV STEALTH between the said parties dated April 19, 2014. Under the said arbitration award, and according to the Petition to Confirm Arbitration Award filed by SPACE, ST PTE was ordered to pay SPACE the amounts that comprise the said sum of $7,325,258.40. *See* Civil Action No. 3:17-cv-01567-WWE, Doc. 1 at ¶46; *see also* Original Verified Complaint, Exhibit 1 at ¶46.

SPACE's right to receive payment from ST PTE in respect of the Fourth Partial Final Award is in the nature of a right in action and/or a judgment which constitute intangible property that may be attached in these proceedings as security for Plaintiff's claims that will be brought in London arbitration against SPACE. Such intangibles may be attached in admiralty proceedings under Rule B as security for the underlying maritime claims.  *See* e.g.  *Isthmian Lines, Inc. v. Canadian Stevedoring Company*, 216 F.Supp. 856,859 (D. Or. 1963); *Miller v United States*, 78 U.S. 268, 298 (1870).

"Rule B provides for a broad definition of property and does not require actual ownership or title. *Padre Shipping*, 553 F.Supp.2d at 335. Instead, case law indicates that attachment is proper so long as the defendant possesses a clear attachable interest in the property. *Winter Storm Shipping, Ltd.*, 310 F.3d at 276." *See Alaska Reefer Mgmt. LLC v. Network Shipping Ltd.*, 68 F.Supp.3d 383, 386-387 (S.D.N.Y., 2014).  Thus, an arbitration award is an intangible akin to a court judgment. *See Int'l Transactions Ltd. v. Embotelladora Agral Regiomontana S.A. de C.V.*, 2006 U.S. Dist. LEXIS 53748 (N.D. Tex. 2014) at * 21  (*Unpublished).*

But even if an arbitration award, which is the subject of a petition for confirmation, does not have the character of a judgment debt before it is confirmed, it is nevertheless a chose in action which carries with it the right to bring an action to confirm that award. *Id* at * 21.  A chose in action is an item of intangible personal property that can be attached. *See Sentry Ins. v. Sky Management, Inc*., 34 F.Supp.2d 900, 903-904 (D.N.J. 1999).

Given that SPACE itself alleges that it is entitled to a judgment against ST PTE in the amount of $7,325,258.42 under the Fourth Partial Final Award, and has petitioned this Court for an Order "Confirming the Fourth Partial Final Award in its entirety and entering judgment in the amount of $7,325,258.42 against the Respondents", Space Shipping affirms, and could not dispute in light of its own pleadings, that it has a lawful expectation and a right to a judgment against ST PTE. *See* Civil Action No. 3:17-cv-01567-WWE, Doc. 1 at ¶56; *see also* Original Verified Complaint, Exhibit 1 at ¶56.  It is well settled jurisprudence that for purposes of attachment of intangibles, the situs of such intangibles is where the obligor of such intangibles may be served with process of attachment. *See* e.g. *Standard Oil Co. v. New Jersey*, 341 U.S. 428, 439-440 (1951); *Harris v. Balk,* 198 U.S. 215, 222 (1905) (overr'd on other grounds by *Shaffer v. Heitner*, 433 U.S. 186 (1977)); *Manro v. Almeida*, 23 U.S. 473, 493 (1825). SPACE's obligor ST PTE is within the District and can be served with process of maritime attachment and garnishment.

Plaintiff notes that ST PTE has moved to dismiss or stay SPACE's application to confirm the Fourth Arbitration award. *See* Original Verified Complaint, Exhibit 4.  Shorn of its lengthy arguments, the crux of this motion, to the extent that it relates to ST PTE, is that the Fourth Partial Final Award has been appealed to the High Court in England and therefore this Honorable Court should stay SPACE's Petition to Confirm.  *See* Original Verified Complaint, Exhibit 4 at p. 35 et seq.  ST PTE's request for relief is not incompatible with Plaintiff's application to attach in the hands of ST Shipping, as garnishee, any payment under the Fourth Partial Final Award.

As for the appeal that ST PTE has filed in the High Court, it does not affect Plaintiff's attachment one way or another. *Huron Holding Corporation v. Lincoln Mine Operating Co*, 312 U.S. 183, 188-189 (1941) considered the issue of the effect of a pending appeal on the judgment that a third party sought to attach in the hands of the judgment debtor and held that, "…while an appeal with proper supersedeas stays execution of the judgment, it does not - until and unless reversed - detract from its decisiveness and finality." In *Huron Holding,* the Supreme Court upheld the validity of the attachment and reversed the 9th Circuit Court of Appeals, which had held that under federal law the attachment of the judgment in state court under New York law was invalid. The same rationale applies to Plaintiff's application for issuance of process of attachment and garnishment. Both SPACE and ST PTE accept that the Fourth Partial Final Award is final. For purposes of this application, the pending appeal before the High Court does not in any way affect the attachment of the final award as security for the claims Plaintiff is about to bring in London arbitration.

It is respectfully submitted that the obligation of ST PTE to pay SPACE under the Fourth Partial Final Award is subject to attachment by means of the Rule B provisional remedy.

### D.   No Statutory or Maritime Law Bar Present

Finally, regarding the fourth element, Plaintiff asserts there is no statutory or general maritime law bar that prevents attachment.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff PSARA ENERGY, LTD., prays that this Honorable Court enter an Order authorizing the Issuance of Process of Maritime Attachment and Garnishment directing the Marshal for the District of Connecticut or other person or organization having the warrant to execute the process as required under Supplemental Rule E (4)(c).

Dated: October 30, 2017						Respectfully submitted,

							By:
								/s/Stephan Skoufalos
								Stephan Skoufalos (ct12809)
								SKOUFALOS LLC
								300 First Stamford Place, 2E
								Stamford, CT 06902
								(203) 325 – 9010
								(203) 325 – 9011 (fax)

								*Attorneys for Plaintiff*
								Psara Energy, Limited

*Of Counsel*:

Gaitas, Kennedy & Chalos, P.C.
George A. Gaitas
State Bar No. 24058885
Federal Bar No. 705176
Jonathan M. Chalos
State Bar No. 24097482
Federal Bar No. 3008683
*Pro Hac Vice Applications Forthcoming*
6250 Westpark Dr.
Suite 222
Houston, Texas 77057
Telephone: 281-501-1800
Fax: 832-962-8178
E-mail:gaitas@gkclaw.com
	chalos@gkclaw.com

9